101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Resat S. KELES, Plaintiff-Appellant,
v.
YALE UNIVERSITY; Katepalli R. Sreenivasan, Dr.; Gary
Haller, Dr., Defendant-Appellees.
 No. 95-7600.
 United States Court of Appeals, Second Circuit.
 March 14, 1996.
 
 APPEARING FOR APPELLANT: Resat S. Keles, pro se, New York, NY.
 APPEARING FOR APPELLEES: Robert I. Bodian, Bodian & Eames LLP, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Before LUMBARD, MINER and JACOBS, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued.
 Plaintiff-appellant Resat Keles appeals pro se from a judgment entered in the United States District Court for the Southern District of New York (Sprizzo, J.) granting partial summary judgment in favor of the defendants and dismissing Keles' remaining claim for lack of subject matter jurisdiction.
 
 
 1
 On August 19, 1993, Keles, a Turkish citizen and New York resident, commenced a diversity action against defendants-appellees Yale University ("Yale"), Dr. Katepalli R. Sreenivasan, Chairman of the Department of Mechanical Engineering at Yale, and Dr. Gary Haller, Chair of the Council of Engineering at Yale. Keles alleged that Dr. Sreenivasan fraudulently induced him to work as a research assistant by falsely representing to Keles that he was admitted as a doctoral candidate at Yale and that he would be given an opportunity to take an area examination in mechanical engineering in connection with his admission to the doctoral program. Keles sought $2,000,000 in damages for breach of an "educational agreement," fraud, and the commission of a "grievous wrong." Keles also sought $13,500 for breach of contract, because he claimed that he had not been paid in full for his employment as a laboratory research assistant at Yale. Keles requested punitive damages on all claims.
 
 
 2
 On November 22, 1993, the defendants moved for summary judgment and Rule 11 sanctions. On May 12, 1994, the district court denied the defendants' motion for summary judgment without prejudice and ordered that the defendants conduct a deposition of Keles. Keles was deposed on June 2, 1994. On July 13, 1994, the defendants again moved for summary judgment and Rule 11 sanctions.
 
 
 3
 On June 9, 1995, the district court granted partial summary judgment in favor of the defendants on Keles' claims for breach of an educational agreement, fraud, and the commission of a grievous wrong. Having granted summary judgment on all of Keles' causes of action except for the breach of contract claim pertaining to his unpaid wages, the district court dismissed that claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The district court also imposed Rule 11 sanctions against Keles' counsel for raising frivolous causes of action. This appeal followed.
 
 
 4
 Keles argues that the district court erred in granting summary judgment in favor of the defendants on his claim that they breached an educational agreement with him. We disagree. Keles failed to establish documentary support for the proposition that Dr. Sreenivasan or others associated with Yale agreed to admit Keles into Yale's doctoral program. Although Keles points to correspondence between Dr. Sreenivasan and himself, these documents do not reveal any promises of admission. In fact, his applications for admission were rejected on four separate occasions.
 
 
 5
 We also reject Keles' contention that the district court erred in dismissing his claim that Dr. Sreenivasan fraudulently induced him to work in his laboratory. In order to establish fraud, a plaintiff must show: (1) a material, false representation, (2) an intent to defraud, (3) reasonable reliance, and (4) damages. Katara v. D.E. Jones Commodities, Inc., 835 F.2d 966, 970-71 (2d Cir.1987). A plaintiff alleging fraud must establish these elements by clear and convincing evidence. Id. at 971. In the present case, there is no evidence that Dr. Sreenivasan made any misleading statements to Keles about his admission status at Yale. Moreover, even if we were to assume that Dr. Sreenivasan had made misleading statements, Keles could not have reasonably relied on such representations since he applied unsuccessfully for admission to Yale four times.
 
 
 6
 Keles also argues that the district court erred in dismissing his claim of a grievous wrong. This contention is meritless. Keles failed to provide evidence that the defendants engaged in any tortious conduct directed at him.
 
 
 7
 In addition, Keles claims that the district court erred in dismissing for lack of subject matter jurisdiction his breach of contract claim seeking $13,500 in unpaid wages. We disagree. A district court has discretion to dismiss a remaining state law claim amounting to less than $50,000 following the dismissal of the original claims in a diversity action. See Shanaghan v. Cahill, 58 F.3d 106, 112-13 (4th Cir.1995). Keles' breach of contract claim failed to meet the $50,000 jurisdictional threshold, and the district court properly exercised its discretion in dismissing the claim for lack of subject matter jurisdiction.
 
 
 8
 Finally, Keles argues that the district court erred in granting summary judgment in favor of the defendants without allowing him to conduct discovery. In particular, Keles contends that he should have been allowed to take the depositions of the defendants. This argument is without merit. The "management of discovery lies within the discretion of the district court." Hollander v. American Cyanamid Co., 895 F.2d 80, 84 (2d Cir.1990). The district court here did not abuse its discretion. Even had Keles deposed the defendants, we believe that, based on the record before us, Keles would not have been able to raise a triable issue of material fact upon which a jury could return a verdict in his favor.
 
 
 9
 We have considered all of Keles' remaining contentions, and we find them all to be without merit. We affirm substantially for the reasons given in the opinion of the district court.