ALCAN INTERNATIONAL LIMITED and
Solvay Performance Chemicals, A Divi-
sion of Solvay Specialty Chemicals, Inc.,
Plaintiffs,

v.

THE S.A. DAY MANUFACTURING
CO., INC., Defendant.

No. 94–CV–286H.

United States District Court,
W.D. New York.

June 23, 1998.

## DECISION AND ORDER

HECKMAN, United States Magistrate
Judge.

Defendant moves pursuant to Rule 37 of
the Federal Rules of Civil Procedure to com-
pel the deposition of Paul J. Lemieux, Di-
rector of Intellectual Property for plaintiff
Alcan International. Alcan opposes the mo-
tion to the extent that it seeks to compel Mr.
Lemieux to testify about the subject matter
of statements he made in a March 31, 1995
letter to Paul J. Conn, President of defen-
dant S.A. Day. Oral argument was heard by
the undersigned on May 26, 1998. For the
following reasons, defendant's motion is de-
nied.

### BACKGROUND

The factual and procedural background of
this action has been set forth at length in this
court's prior decisions, and will not be re-
stated here. The current dispute centers
around a notice to take Mr. Lemieux's depo-
sition, served by S.A. Day on May 30, 1997.[1]

---

1. The May 30, 1997 notice to take Mr. Lemieux's     deposition is not attached to the motion papers.

Alcan has agreed to produce Mr. Lemieux, but has advised S.A. Day that it will not permit Mr. Lemieux to be questioned about the subject matter of his March 31, 1995 letter to Mr. Conn. According to Alcan, Mr. Lemieux's statements in the letter were made in the context of negotiations to settle this case, and therefore the evidence sought by way of Mr. Lemieux's deposition is inadmissible under Rule 408 of the Federal Rules of Evidence.

### DISCUSSION

■ Fed.R.Evid. 408 provides:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

This rule limits the introduction at trial of evidence regarding settlement negotiations, not the discoverability of the evidence. *Santrayll v. Burrell*, 1998 WL 24375, at *2 (S.D.N.Y. January 22, 1998); *Morse/Diesel, Inc. v. Fidelity and Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y.1988). Under Fed. R.Civ.P. 26(b), information sought during discovery "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "Reasonably calculated" has been interpreted to mean "any possibility that the information sought may be relevant to the subject matter of [the] action." *Santrayll v. Burrell, supra* (citations omitted).

Thus, while Rule 408 bars the admission of statements made in settlement negotiations for some purposes, Rule 26, by its very terms, is not limited to "admissible evidence." Indeed, Rule 408 itself does not totally bar admission of settlement information. Rather, such evidence is not allowed on the issues of liability and damages. *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 1996 WL 71507, at *2 (S.D.N.Y. February 20, 1996); *see also* Fed.R.Evid. 408 advisory committee notes ("the rule excludes only when the purpose is proving the validity or invalidity of the claim or its amount").

The policy underlying Rule 408 is explained in the *Bank Brussels Lambert* case as follows:

[The] rule is not designed to lock away settlement documents, forever shielding them from view by those not party to the agreement. While it is true that the rule seeks to encourage the settlement process, it accomplishes that purpose not by making the settlement information unavailable, but by limiting abusive use of positions taken during the process. The rule insures that offers of compromise will not have intrinsic evidentiary value. The rule recognizes that in the give and take of settlement negotiations offers and concessions are made which are inconsistent with the legal and factual positions maintained by the parties. The rule recognizes that parties will be discouraged from making settlement offers if those offers may be used as evidence at trial. The rule thus fosters non-judicial resolution of disputes because compromises made during the settlement process will not later surface to haunt the parties as substantive evidence.

*Id.*, 1996 WL 71507, at *3.

■ In general, then, statements or admissions made in an offer of compromise will not be admissible as substantive evidence in the case to prove or disprove liability, because the party to whom the statement is attributable "may be motivated by a desire for peace rather than from any concession of weakness of position." Fed.R.Evid. 408 advisory committee notes (quoted in *Bank Brussels Lambert, supra*). On the other hand, evidence "is not rendered inadmissible mere-

ly because it is presented in the course of compromise negotiations if the evidence is otherwise discoverable. A party should not be able to immunize from admissibility [information] otherwise discoverable merely by offering to present [it] in a compromise negotiation." *Id.*

In this case, Mr. Lemieux stated in his March 31, 1995 letter to Mr. Conn that Alcan was, at that point, "still interested in resolving this litigation ..." (Item 90, Ex. F).[2] The letter made clear, however, that the resolution would not involve any agreement by Alcan "to assist [S.A. Day] with [its] legal expenses" (*id.*). According to Mr. Lemieux, after consulting with counsel, Alcan had determined that the request for legal fees was "way out of line with what would normally be expected" (*id.*). Mr. Lemieux then explained the basis for this determination, as follows:

> Quite frankly, after evaluating the nature of your claims, we believed that you acted intentionally as well and, therefore, proceeded as we did [*i.e.*, filed this action without contacting S.A. Day to "cease and desist"]. After discovery, we became convinced that you did not act intentionally; however, it does appear that you did not undertake the type of substantiation that would have been prudent prior to making the comparative assertions in the market.

(*Id.*). Mr. Lemieux discussed in general terms the evidence contained in the documents produced by S.A. Day during discovery, and stated:

> [Y]our own data ... does not support the claims you are making. Under these circumstances and because your legal fees are out of all reasonable relationship to the present state of the lawsuit, we cannot entertain any possibility of reimbursement. However, we believe that it would be foolish for you to incur further costs at this time if you, in fact, are willing to agree to stop making the offending claims.

(*Id.*).

S.A. Day moves to compel Mr. Lemieux's deposition in order to question him about the basis for his opinion that Alcan "did not act intentionally." The motion is denied, for several reasons. First of all, S.A. Day has not demonstrated that Mr. Lemieux's statements about Alcan's opinion as to Mr. Conn's or S.A. Day's state of mind with respect to the alleged disparagement of Alcan's product are relevant in any way to the claims or defenses in this case. It is true that intent may be at issue. *See, e.g.,* N.Y.Gen. Bus. Law § 349(h) (court may increase damages for "willful" or "knowing" violation of state deceptive trade practices law to an amount not to exceed three times the actual damages up to one thousand dollars); *Mobius Management Systems, Inc. v. Fourth Dimension Software, Inc.,* 880 F.Supp. 1005, 1025 (S.D.N.Y.1994) (under § 1117(a) of the Lanham Act, court has power to assess treble damages "to deter further wilful violations") (citing *Getty Petroleum Corp. v. Bartco Petroleum Corp.,* 858 F.2d 103, 113 (2d Cir.1988), *cert. denied,* 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989)). However, S.A. Day has not shown that Mr. Lemieux's (or Alcan's) opinion would be relevant to the jury's determination of Mr. Conn's (or S.A. Day's) state of mind, or "helpful to a clear understanding of [Lemieux's] testimony or the determination of a fact in issue" so as to be admissible in the case as non-expert opinion testimony. Fed. R.Evid. 701.

Second, the evidence sought by the deposition falls squarely within the exclusionary language and rationale of Fed.R.Evid. 408. It is beyond dispute that the letter constituted an offer of "valuable consideration in compromising or attempting to compromise" the claims at issue in this case. Although not expressly stated in the letter, it is clear that Alcan offered to discontinue the action in consideration of S.A. Day's agreement to stop making claims in the marketplace about the comparative corrosive properties of the companies' products. Mr. Lemieux was unwilling to expand the offer to include any

---

**2.** The March 31, 1995 letter was also submitted by Alcan as an exhibit to Item 92, which was filed by the Clerk of the Court under seal, apparently pursuant to a "Confidentiality Stipulation and Agreement" signed by the parties and entered as an order in the case by Hon. John T. Curtin on February 23, 1995 (Item 13).

reimbursement of S.A. Day's legal fees, and gave his reasons for taking that position.

In addition, S.A. Day has not shown that the evidence sought by way of Mr. Lemieux's deposition would be "otherwise discoverable" under the discovery rules. Beyond the question of the relevance of one party's opinion as to the other party's state of mind, it is clear to the court that Mr. Lemieux's statements in his letter to Mr. Conn were made after consultation with counsel, and as such may be subject to a claim of privilege or protection as trial preparation material under Fed. R.Civ.P. 26(b)(5).

Finally, S.A. Day has not shown or suggested that the evidence sought would be admissible for any other purpose than to establish the invalidity of Alcan's claims for "willful" violation of the Lanham Act or the state deceptive trade practices law.

Accordingly, S.A. Day's motion to compel Mr. Lemieux's deposition is denied. Since Alcan's opposition to the motion was substantially justified, S.A. Day's request for attorney's fees incurred in making the motion is also denied.

### CONCLUSION

For the reasons discussed herein, defendant's motion (**Item 90**) to compel the deposition of Paul J. Lemieux, and for attorney's fees, is DENIED.[3]

**SO ORDERED.**

---

**3.** In Item 90, S.A. Day also sought dismissal of the case for failure to produce Alfred Borinsky for deposition. That aspect of the motion was withdrawn pending the production of Mr. Borinsky as scheduled on June 15, 1998 (*see* Item 93, p. 1, n. 1).