**CITY OF WICHITA, Plaintiff,**

v.

**AERO HOLDINGS, INC.,**
**et al., Defendants.**

Civ.A. No. 98–1360–MLB.

United States District Court,
D. Kansas,
Wichita Division.

March 28, 2000.

Robert L. Driscoll, Kansas City, MO, for City of Wichita.

Richard C. Hite, Hite, Fanning & Honeyman L.L.P., Wichita, KS, for Vulcan Materials Company.

John K. Power, Husch & Eppenberger, Kansas City, MO, for Charles P. Trombold, David G. Trombold and Reid Supply Company, Inc.

## MEMORANDUM AND ORDER

BELOT, District Judge.

Before the court are the following:

1. The City of Wichita's objections (Docs. 323 & 362) to Magistrate Judge Humphreys' December 27, 1999 and January 12, 2000 discovery orders (Docs. 301 & 318);

2. Defendant Vulcan Materials' responses on behalf of the Steering Committee (Docs. 352 & 367);

3. The City's reply (Doc. 382);

4. Defendants Reid Supply Company, Charles Trombold and David Trombold's motion to strike portions of the City's reply and supporting memorandum (Docs. 407 & 408); and

5. The City's response to the motion to strike (Doc. 444).

## I. *THE DISCOVERY RULINGS*

Defendants initially filed a motion to compel (Doc. 256) the City to answer interrogatories and respond to document production requests. In ruling on the motion, the magistrate judge ordered the City to produce documents related to settlement negotiations involving the Gilbert and Mosley site, including the City's agreements with KDHE and the EPA. The City filed a motion (Doc. 302) seeking clarification of whether the ruling required it to produce documents related to settlement negotiations with all potentially responsible parties (PRPs), or whether the ruling was limited to agreements with KDHE. The magistrate judge's ruling on the motion to clarify required the City to produce "documentation concerning settlement negotiations with *all* potentially responsible parties, persons, or entities 'related in any way to the Gilbert & Mosley site'" but limited disclosure to documents relevant to defendants' statute of limitations defense. (Doc. 318).

## II. *STANDARD OF REVIEW*

A district court's review of a magistrate judge's decision on a non-dispositive pretrial matter is governed by 28 U.S.C. § 636(b)(1)(A). Under that provision, the district court may reconsider any pretrial matter where a party shows that the magistrate judge's order is clearly erroneous. 28 U.S.C. § 636(b)(1)(A); *see also* Fed.R.Civ.P. 72(a); *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir.1997). The discovery rulings objected to in this case are unquestionably non-dispositive pretrial matters. "The clearly erroneous standard ... requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *See Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

## III. *DISCUSSION AND ANALYSIS*

The City objects to the ruling on two grounds: 1) settlement negotiations with PRPs are irrelevant to issues involved in the suit, and 2) disclosure of settlement negotiations with PRPs will have a "chilling effect" on further settlement discussions. The City claims no privilege in the documents enveloped by the rulings.

### A. *RELEVANCY*

A party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). The Supreme Court interprets relevancy in the discovery context "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) (citations omitted). Discovery that is not "reasonably calculated to lead to the discovery of admissible evidence," however, falls outside the scope of Rule 26. *Id.* at 351–52, 98 S.Ct. at 2390. Even matter related to settlement negotiations, although barred by Fed.R.Evid. 408 to prove liability

at trial, may still be discoverable under Rule 26 if the information sought is "reasonably calculated" to lead to admissible evidence. *See, e.g., Alcan Int'l Ltd. v. S.A. Day Mfg. Co.,* 179 F.R.D. 403, 404 (W.D.N.Y.1998) (noting that Rule 408 does not limit the discovery of evidence); *Computer Assocs. Int'l, Inc. v. American Fundware, Inc.,* 831 F.Supp. 1516, 1531 (D.Colo.1993) (recognizing that offers of compromise which are inadmissible at trial under Rule 408 are still discoverable if they might lead to other admissible evidence).

■ The City argued to the magistrate judge, in opposition to the motion to compel, that defendants failed to show settlement negotiations were discoverable, doc. 264 at 5, setting forth no justification, however, for its refusal to produce the requested documents. When discovery "appears" relevant, the party resisting discovery is obligated to show the requested discovery is outside the scope of Rule 26(b)(1) or is of such marginal relevance that the liberal disclosure required by Rule 26 is outweighed by the potential harm of disclosure. *See Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 309 (D.Kan.1996). Given the liberal nature of discovery and the complex nature of this case, the settlement negotiation discovery sought by defendants in their motion to compel "appeared" relevant, obligating the City to explain to the magistrate judge its basis for refusing to produce the documents.

■ Courts, absent *obvious* requests for irrelevant discovery, are in no position at the discovery stage of litigation to make uninformed conclusions on what is or is not relevant to a case and instead, must rely on the party opposing discovery to explain why the information sought will not lead to otherwise admissible evidence. The City offered no such explanation. Instead, it placed the magistrate judge in the impossible position of understanding the issues involved in this case, and how potential evidence relates to

the issues, at a time when they have not been fully developed by the parties.[1]

■ In light of the City's failure to identify why documents related to settlement negotiations are not discoverable, the magistrate judge's ruling was not clearly erroneous, *i.e.,* this court is not left with a firm conviction that the ruling was a mistake. Moreover, the City does not explain how the magistrate judge's ruling was clearly erroneous nor does it even discuss the standard of review this court is obligated to follow. This is not a de novo review, and the City has failed to satisfy its burden to justify a reversal of the magistrate judge's order.

## B. *"CHILLING EFFECT"*

The City relies heavily on *Vardon Golf Co., Inc. v. BBMG Golf Ltd.,* 156 F.R.D. 641 (N.D.Ill.1994), claiming disclosure of its settlement negotiations will hinder further settlement discussions.[2] Although *Vardon* was cited to the magistrate judge in opposition to disclosure, the City did not argue that disclosure would thwart settlement. Once again, this is not a de novo review permitting a second shot at non-disclosure based on new arguments. The argument is nevertheless unavailing. *Vardon* noted the potentially chilling effect of permitting disclosure of settlement negotiations in an ongoing case but denied the plaintiff's motion to compel because 1) it made no showing that the requested discovery might lead to the discovery of admissible evidence and 2) the requested discovery would itself be inadmissible under Rule 408. *See id.* at 651. The two rationales are not implicated in the instant situation because 1) the magistrate judge's relevancy conclusion was not clearly erroneous and 2) the City offers no argument supporting a conclusion that evidence of settlement negotiations would never be admissible at trial. *Vardon*'s chilling-effect discussion is dicta, not persuasive authority supporting the

---

**1.** To the extent *Vardon Golf Company, Inc. v. BBMG Golf Ltd.,* 156 F.R.D. 641 (N.D.Ill.1994), suggests a higher burden is placed on a party seeking to discover evidence related to settlement negotiations, the court rejects the proposition. The City provides no authority suggesting courts in the Tenth Circuit impose a greater burden in such instances.

**2.** The City also cites *Cook v. Yellow Freight Sys., Inc.,* 132 F.R.D. 548 (E.D.Cal.1990), in support of its objections. *Cook* presents little persuasive value in this court's view because it relies on public policy and privacy considerations as justification for denying discovery of settlement negotiations rather than Rule 26's requirements.

City's attempt to avoid disclosure of otherwise discoverable information.

### IV. *CONCLUSION*

For the reasons enunciated in this memorandum and order, the City's objections (Docs. 301 & 318) are overruled. The City shall produce *all* documents related to settlement negotiations with PRPs as previously ordered no later than April 3, 2000.

In light of this memorandum and order, Reid Supply Company, Charles Trombold and David Trombold's motion to strike portions of the City's reply (Doc. 407) is moot.

IT IS SO ORDERED.