**Ronald CLAYTOR, Plaintiff,**

v.

**COMPUTER ASSOCIATES INTERNATIONAL, INC., Defendant.**

**No. 02–2194–JWL.**

United States District Court, D. Kansas.

Jan. 24, 2003.

---

Gerald L. Thompson, Kansas City, MO, for Plaintiff.

Tammy L. Horn, Stinson, Morrison, Hecker LLP, Overland Park, KS, Patricia A. Konopka, David E. Sampson, Stinson, Morrison, Hecker, LLP, Kansas City, MO, for Defendant.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

Plaintiff Ronald Claytor filed suit against defendant in state court alleging breach of contract and wrongful discharge. On December 12, 2002, Magistrate Judge Waxse denied plaintiff's motion for an order enlarging the time to conduct discovery. Plaintiff now seeks review of that order (doc. # 44). As set forth below, the court cannot conclude that Judge Waxse's decision was clearly erroneous or contrary to law and, thus, denies plaintiff's motion.

*Background*

On August 14, 2002, Magistrate Judge Waxse entered a scheduling order in this case. Pursuant to that order, discovery was to be completed by November 30, 2002. On November 29, 2002, plaintiff filed his motion seeking to extend the discovery period by 45 days, or until January 15, 2003. Defendant opposed the motion.

Plaintiff moved to extend the discovery period on the grounds that he had been unable to obtain from defendant information concerning defendant's primary defense of plaintiff's claims and information that plaintiff needs to prove his claims. Specifically, plaintiff alleged that defendants failed to disclose relevant information pursuant to Rule 26 of the Federal Rules of Civil Procedure; refused to produce such information in response to plaintiff's specific requests for production of documents; produced a witness for a Rule 30(b)(6) deposition who was simply not knowledgeable about key documents; refused to designate 30(b)(6) witnesses who could speak to certain subjects; and refused to produce a high level executive for his deposition. At no time during the discovery period did plaintiff seek assistance from the court to resolve any of these concerns. According to plaintiff, defendant essentially purported to engage in good faith attempts to resolve these discovery disputes until the 30–day deadline for filing motions to compel expired, *see* D. Kan. R. 37.1(b), at which time it announced to plaintiff (who had no knowledge of the pertinent local rule) that his time to seek court intervention had expired and no additional information would be forthcoming.

In a one-page order, Judge Waxse denied plaintiff's motion, holding that he could not "find good cause to extend the discovery deadline" because plaintiff had "failed to explain why, in exercising due diligence, the proposed discovery could not have been completed by the deadline set forth in the August 14, 2002 Scheduling Order."

*Discussion*

■ With respect to a magistrate judge's order relating to nondispositive pretrial mat-

ters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir.2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1461–62 (10th Cir.1988)); 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil,* 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

■ In his motion to review, plaintiff contends that he did, in fact, explain to Judge Waxse why he was unable to complete discovery by November 30, 2002—that his diligent efforts to engage in and complete discovery were consistently thwarted by defendant's tactics. The mere fact that plaintiff disagrees with Judge Waxse's decision, however, does not demonstrate that the decision is clearly erroneous. Moreover, even assuming that the discovery process in this case transpired as described by plaintiff in his papers, the court cannot conclude that Judge Waxse was mistaken in his assessment that plaintiff had not shown good cause to extend the discovery period. *See* Fed.R.Civ.P. 16(b) ("A schedule shall not be modified except upon a showing of good cause .…"). At a minimum, plaintiff should have sought assistance from the court earlier than November 29, 2002 if he believed that defendant was obstructing the discovery process or believed that, for whatever reason, he was not going to be able to complete discovery consistent with the discovery deadline. Of course, plaintiff's counsel should also have been familiar with the local rules of this court concerning the timing of filing motions to compel.[1] In any event, as soon as defendant advised plaintiff that no additional information would be forthcoming, he should have turned to the court for guidance. In short, plaintiff's counsel simply waited too long before seeking assistance. For these reasons, the court cannot conclude that Judge Waxse's decision was clearly erroneous.

■ In addition, plaintiff highlights for this court certain circumstances that he did not set forth in his papers before Judge Waxse. Specifically, plaintiff states that his counsel relocated his law office in July 2002 and, as a result of that relocation, has "experienced disruption of his work flow and work in process;" that his counsel has "changed support staff and experienced staffing difficulties which have made production by a solo practitioner more difficult;" and that his counsel has "had personal health issues that have interfered with the completion of discovery within the time originally estimated in the scheduling order." While the court cannot say whether these circumstances would have changed the outcome of Judge Waxse's order, plaintiff nonetheless should have brought these circumstances to the attention of Judge Waxse. He did not and this court, thus, will not consider them. The court reiterates that this is not a de novo review permitting a "second shot" based on new arguments. *See City of Wichita v. Aero Holdings, Inc.,* 192 F.R.D. 300, 302 (D.Kan. 2000).

Plaintiff also urges that Judge Waxse's order is clearly erroneous because the order has the effect of requiring an unprepared litigant to proceed to trial and that the order is contrary to law because defendant, in plaintiff's opinion, clearly violated Federal Rule of Civil Procedure 26. To be sure, if plaintiff does proceed to trial less prepared than he would have liked, the blame does not lie with Judge Waxse. Plaintiff's counsel has put himself in that position by failing to avail himself of the opportunities provided in the Federal and Local Rules for addressing another party's failure to cooperate in the discovery process. Moreover, if plaintiff's counsel believes that he has not obtained the discovery he needs to proceed to

---

1. The court understands that plaintiff filed his suit in state court and that defendant thereafter removed the case to federal court. Nonetheless, upon removal, plaintiff's counsel should have set out to ascertain the local rules of this court.

trial, then he certainly knew this well in advance of November 29, 2002. Finally, Judge Waxse's opinion is not "contrary to law" because the issue of whether defendant violated Rule 26 was simply not before Judge Waxse; indeed, plaintiff never moved to compel any disclosures. In any event, even assuming that defendant's compliance with Rule 26 was placed at issue by plaintiff's motion to extend, the record before Judge Waxse in connection with plaintiff's motion to extend discovery was woefully inadequate to demonstrate that defendant had violated Rule 26.

For the foregoing reasons, plaintiff's motion to review is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to review Magistrate Waxse's December 12, 2002 order denying a motion for enlargement of time to conduct discovery (doc. # 44) is **denied.**

**IT IS SO ORDERED.**