Media Network, Inc. v. Mullen Adver., Inc., et al., 2006 NCBC 6.

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 05 CVS 7255 |

MEDIA NETWORK, INC. d/b/a GATEWAY
MEDIA,

        Plaintiff,

    v.

MULLEN ADVERTISING, INC.;
TRANSIT ADS INCORPORATED d/b/a
CARTELES; CARL HAYNES,
individually and d/b/a HIGH PLAINS
BUSINESS CONSULTING, a/k/a HIGH
PLAINS BUSINESS, a/k/a HIGH PLAINS;
and HIGH PLAINS BUSINESS
CONSULTING, a/k/a HIGH PLAINS
BUSINESS, a/k/a HIGH PLAINS,

        Defendants.

**ORDER**

*Nexsen Pruet Adams Kleemeier, PLLC by J. Alexander S. Barrett and Stuart C. Gauffreau for Plaintiff Media Network, Inc. d/b/a Gateway Media.*

*Kilpatrick Stockton, LLP by W. Mark Conger and Elliott A. Fus for Defendant Mullen Advertising, Inc.*

*Bailey & Thomas, P.A. by John R. Fonda for Defendant Transit Ads Incorporated, d/b/a Carteles.*

*Blancato, Doughton & Hart, PLLC by Thomas J. Doughton for Defendants Carl Haynes, individually and d/b/a High Plains Business Consulting, a/k/a High Plains Business, a/k/a High Plains; and High Plains Business Consulting, a/k/a High Plains Business, a/k/a High Plains.*

Diaz, Judge.

{1}    The Court heard this matter on April 3, 2006, on Defendant Mullen Advertising, Inc.'s ("Mullen") Motion to Compel Discovery of Settlement Terms ("Motion to Compel") pursuant to Rule 37(a) of the North Carolina Rules of Civil Procedure. Specifically, Mullen moves the Court to compel Plaintiff Media Network, Inc. d/b/a Gateway Media ("Gateway") to produce its Settlement Agreement with co-defendant Transit Ads Incorporated d/b/a Carteles ("Carteles"). At the hearing on this Motion, the Court directed Mullen to submit the Settlement Agreement to the Court for an *in camera* inspection.

{2}    Gateway brought this action against Mullen alleging that it breached a "non-cancelable" contract in which Gateway was to provide services to Mullen in connection with an advertising program. Mullen

asserts that the relevant contract was cancelable on sixty (60) days written notice, and that its February 2, 2005 letter properly provided for termination effective April 4, 2005.  The Complaint also asserts joint claims against Mullen and Carteles for (a) injunctive relief, (b) tortious interference with contract, (c) trespass to chattels, and (d) unfair and deceptive trade practices.

{3}     The claims asserted against Carteles were settled during mediation on December 5, 2005, and Gateway filed a voluntary dismissal with prejudice.  Pursuant to the settlement, Carteles withdrew its Motion to Amend and the claims against Gateway alleged therein.

{4}     Mullen seeks disclosure of the terms of the Settlement Agreement for impeachment purposes, i.e., to establish the possible bias or prejudice of Mr. Foley, a principal of Carteles and a potential key witness in this action.  *See* Def. Mot. to Compel at ¶ 6.  Gateway, however, resists production of the Settlement Agreement, asserting that the Agreement and its terms are confidential[1] and protected from discovery by Rule 408 of the North Carolina Rules of Evidence ("Rule 408").  *See* Def. Mot. to Compel at ¶ 4.

{5}     Rule 408, however, pertains to the admissibility of evidence, not to discovery.  *DirecTV, Inc. v. Puccinelli, et al.*, 224 F.R.D. 677, 685 (D. Kan. 2004).  Discovery is governed by Rule 26 of the North Carolina Rules of Civil Procedure ("Rule 26").  Under Rule 26, the proper inquiry is whether the Agreement is relevant to this lawsuit, i.e., whether disclosure of the Agreement is likely to lead to the discovery of admissible evidence.  Specifically, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . .  It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

{6}     Moreover, Gateway's position that the Settlement Agreement and its terms are protected by Rule 408 is incorrect in light of the exception to the Rule.  Rule 408 provides that while evidence of a compromise (or offers of compromise) "is not admissible to prove liability for or invalidity of the claim or its amount[,]" exclusion is not required "when the evidence is offered for another purpose, such as proving bias or prejudice of a witness."[2]

{7}     Numerous courts have recognized this exception to Rule 408, allowing discovery of confidential settlement-related information by non-settling defendants where those defendants have alleged that such materials are relevant to the settling parties' bias or credibility.  For example, in *Tribune Co. v. Purcigliotti*, 1996 U.S. Dist. LEXIS 8433 (S.D.N.Y. 1996), the court held that the settlement documents were discoverable where the defendants asserted that the plaintiffs "may have agreed to dismiss [the co-defendant] from the case in exchange for his testimony about certain matters in dispute."  *See Tribune Co.*, 1996 U.S. Dist. LEXIS 8433, at *6.  Specifically, the court concluded that the requested settlement

materials were relevant to the settling co-defendant's "motivations for testifying." *See also John McShain, Inc. v. Cessna Aircraft Co.,* 563 F.2d 632, 634-35 (3d Cir. 1977) (overruling claimed error regarding admission of an agreement releasing third-party defendant from liability where the agreement was admitted to show bias on the part of the plaintiff's expert witness, an employee of a sister corporation of the third-party defendant); *Griffin v. Mashariki*, 1997 U.S. Dist. LEXIS 19325, at *4-5 (S.D.N.Y. 1997) (allowing discovery of written settlement statement executed by defendant, finding that "[a] statement made by a co-defendant to the plaintiff about the subject matter of the litigation . . . is at least arguably relevant and alternatively is likely to lead to the discovery of admissible evidence[,]" and the statement could be used to impeach the testimony of the settling co-defendant); *SEC v. Downe*, 1994 U.S. Dist. LEXIS 708, at *18-19 (S.D.N.Y. 1994) (allowing discovery of documents related to the defendant's settlement with the plaintiff, as the requested materials were relevant to the defendant's "bias, interest or prejudice").

{8}     Based upon the foregoing and following my *in camera* review of the Settlement Agreement, I conclude that the Agreement is discoverable under Rule 26 as relevant evidence of the potential bias or prejudice of Mr. Foley as a witness for Gateway, and is not immune from discovery by Rule 408.[3] Accordingly, the Court **GRANTS** Mullen's Motion to Compel discovery of Gateway's Settlement Agreement with Carteles.  The Court **ORDERS** Gateway to produce the Settlement Agreement within five (5) days of the entry of this Order.  The Court **DENIES** Mullen's request to recover its fees and expenses in pursuing its Motion.

        This the 21st day of April, 2006.

---

[1] The fact that Gateway and Mullen agreed to keep the terms of the Settlement Agreement confidential cannot serve as the sole basis for protecting the Agreement from discovery. *See Tribune Co. v. Purcigliotti*, 1996 U.S. Dist. LEXIS 8433, at *3 (S.D.N.Y. 1996) (citing *Weissman v. Fruchtman*, 1986 U.S. Dist. LEXIS, at *19 (S.D.N.Y. 1986) ("The intention of the parties to the agreement, even if reflected in a confidentiality clause . . . is not controlling.")).

[2] This Rule is virtually identical to Federal Rule of Evidence 408.

[3] Some courts have held that a party seeking discovery of settlement-related materials must meet a heightened standard of relevance in light of Federal Rule of Evidence 408 and the underlying policy of encouraging settlements. *See, e.g., Bottaro v. Hatton Assocs.*, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (stating that a party must make a "particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement").  Regardless of the standard applied, however, the Court finds that the terms of this Settlement Agreement are clearly relevant to a matter in issue, that is, the bias or credibility of a potential key witness in the case.  Therefore, the Court need not decide whether such a heightened standard of relevancy applies under North Carolina law.