# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFFREY  K. JACOBS,
            Appellant,

       v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
PH-0752-14-0736-I-1

DATE: July 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stanley C. Mason, Joppa, Maryland, for the appellant.

Jasmin A. Dabney, Esquire, Landover, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed the removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Effective June 3, 2013, the appellant was removed from the position of Mail Handler based on attendance-related charges. He appealed the agency's action, and, during proceedings before the Board, the parties entered into a last-chance settlement agreement (LCA) that provided that the agency would hold the appellant's removal in abeyance for 1 year during which time the appellant would "follow all typical and normal rules and regulations regarding employee attendance, safety, conduct and performance." Initial Appeal File (IAF), Tab 1. The LCA further provided that "[u]nacceptable attendance" during the 1-year term of the LCA "shall" result in reimposition of removal. *Id*. Unacceptable attendance was defined as the "violation of any or all of the Agency's policies regarding attendance." *Id*. The LCA also provided that the appellant waived any right to appeal to the Board any agency action based on his failure to meet any provision of the LCA. *Id*. The administrative judge found that the agreement was voluntarily entered into by the parties, understood by the parties, and lawful on its face, and she entered the LCA into the Board's record for enforcement purposes.

¶3        By letter dated May 23, 2014, the agency informed the appellant that he was being removed for violating the LCA. *Id*. Specifically, the agency charged that

the appellant violated the LCA by the following: 2 hours of unauthorized absence from overtime on March 22, 2014; 8 hours of emergency annual leave on March 17, 2014; 8 hours of unscheduled leave without pay (LWOP) on March 4, 2014; 8 hours of unscheduled annual leave in lieu of sick leave on February 21, 2014; 8 hours of unscheduled sick leave on February 20, 2014; 8 hours of unscheduled annual leave in lieu of sick leave on February 19, 2014; 4 hours of unscheduled sick leave and 4 hours of LWOP on December 28, 2013; and 16 hours of unscheduled LWOP on December 26-27, 2013. *Id.* The appellant appealed the agency's action. *Id.*

¶4      The administrative judge advised the appellant of the jurisdictional requirements regarding an appeal of an adverse action based on violating an LCA containing a waiver of appeal rights. IAF, Tab 2. She found that his facility had made it known to employees that four or more occurrences of unscheduled absences may result in disciplinary action being taken. IAF, Tab 21, Initial Decision (ID) at 7. She determined that all of the appellant's absences were unscheduled and that he failed to support his assertions that any of his absences were due to inclement weather or were in violation of his entitlements under the Family and Medical Leave Act of 1993. ID at 4-6. She also found that the appellant failed to support his assertion that he had worked the overtime that he was charged with failing to work. ID at 5. She found, moreover, that the appellant failed to make a nonfrivolous allegation of Board jurisdiction and did not offer any evidence that the appeal rights waiver provision contained in the LCA was not enforceable. ID at 7-8. She thus dismissed the appeal for lack of jurisdiction. ID at 8.

¶5 In his petition for review, the appellant asserts that the administrative judge abused her discretion in denying his motion to compel discovery.[2] Petition for Review File, Tab 1.

¶6 Discovery is the process by which a party may obtain relevant information from another party to an appeal. 5 C.F.R. § 1201.72(a). "Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* What constitutes relevant information in discovery is to be liberally interpreted and uncertainty should be resolved in favor of the movant absent any undue delay or hardship caused by such request. *Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 15 (2009). "The scope of discovery is broad: '[d]iscovery covers any nonprivileged matter that is relevant to the issues involved in the appeal. . . .'" *Baird v. Department of the Army*, 517 F.3d 1345, 1351 (Fed. Cir. 2008) (quoting 5 C.F.R. § 1201.72(b)). An appellant may request discovery of relevant materials to help him meet his burden of establishing the Board's jurisdiction. *See, e.g.*, *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007). The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

¶7 The agency filed a motion to stay discovery and to dismiss the appeal for lack of jurisdiction. IAF, Tab 9. The appellant opposed the agency's motion, and attached a copy of his first discovery request to his submission. *Id.* The administrative judge denied the agency's motion to stay discovery and, consistent with the appellant's discovery request, ordered the agency to provide the

---

[2] The appellant also argues that the administrative judge erred by suspending the appeal for a short period of time without first informing the appellant. *Id.* Even if we were to assume that the administrative judge's action constituted a procedural error, it would be of no legal consequence unless it is shown to have adversely affected a party's substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). No such showing was made here.

following for the period from December 1, 2013, through May 23, 2014 (the period during which the agency charged that the appellant had unscheduled absences in violation of the LCA): copies of all pre-disciplinary interviews given to employees at the appellant's facility for attendance-related reasons; a copy of the overtime desired list (ODL) for Mail Handlers on the appellant's shift at his facility; copies of forms for all Mail Handlers at the appellant's facility who were excused from working overtime; a list of Mail Handlers at the appellant's facility who were on the ODL; and a copy of the Postal Service Form 3971 for the date that the agency charged the appellant with unauthorized absence from overtime. IAF, Tab 10.

¶8 When the agency failed to timely respond to the administrative judge's order, the appellant filed a motion for sanctions. IAF, Tab 12. In response, the agency filed a motion for enlargement of time to respond to the discovery request, asserting that it filed the motion after the appellant refused to consent for more time to respond to the administrative judge's order regarding discovery. IAF, Tab 13. The administrative judge did not rule on the agency's motion, and the agency filed an additional motion to dismiss for lack of jurisdiction, attaching its response to the administrative judge's order regarding discovery. IAF, Tab 15. The appellant opposed the motion to dismiss; however, in his opposition, he admitted that the agency had responded to his discovery request. IAF, Tab 16. Given this sequence of events, we find that the administrative judge did not abuse her discretion regarding the appellant's first discovery request. *See Wagner*, 54 M.S.P.R. at 452.

¶9 The appellant then filed a second discovery request. IAF, Tab 17 at 12. He requested copies of all LCAs entered into between the agency and any employees also serving on the appellant's tour at his facility. *Id*. He also requested the clock rings for the employees abiding by these LCAs, and copies of any subsequent disciplinary actions issued to these same employees. *Id*. He filed a motion to compel, alleging that the agency had failed to respond to his second

discovery request. *Id*. at 4. In the initial decision, the administrative judge denied the appellant's motion to compel for his failure to comply with all appropriate regulations and as not reasonably calculated to lead to the discovery of admissible evidence. ID at 8 n.2.

¶10 We find that the administrative judge acted within her discretion in denying the appellant's motion to compel a response to his second round of discovery. The appellant provided no statement that he had discussed or attempted to discuss the anticipated motion to compel with the agency's representative and made a good faith effort to resolve the discovery dispute and to narrow the areas of disagreement, as required by 5 C.F.R. § 1201.73(c)(1)(iii). Thus, we find that he failed to comply with all relevant regulations. Further, we find that the appellant's second discovery requests were not reasonably calculated to discover evidence relevant to the central issue in this appeal; namely whether he complied with the LCA as he asserts. *See* 5 C.F.R. § 1201.72(b); *see, e.g.*, *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 686 (D. Kan. 2004) (recognizing that some courts have held a party must make a heightened showing of relevance in order to discover information related to settlement agreements).

¶11 Additionally, under the circumstances of this case, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction. The Board has upheld LCAs executed by the parties where they are freely made, fair, the subject of mutual consideration, and are the result of the appellant's knowing and intentional waiver of his right to appeal the agency's action to the Board.[3] *See Gonzales v. Department of the Air Force*, 38 M.S.P.R. 162, 165 (1988). The Board lacks jurisdiction over an action taken pursuant to an LCA in which the appellant waives his Board appeal rights. *See Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007). To establish that the waiver of appeal rights in an LCA is unenforceable, the appellant must show that: (1) he complied

---

[3] The appellant does not dispute that these conditions are met here.

with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Willis*, 105 M.S.P.R. 466, ¶ 17. We agree with the administrative judge that the appellant has failed to make a nonfrivolous allegation to support his assertions that he complied with the LCA and that the agency breached the LCA. She therefore appropriately dismissed the appeal for lack of jurisdiction without a jurisdictional hearing. *See Hamiter v. U.S. Postal Service*, 96 M.S.P.R. 511, ¶ 12 (2004).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.